UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**JAMES DERBY,** Individually,

    Plaintiff,

    v.

**DISPOSAL SERVICES, LLC, a Florida Limited Liability Company,**

    Defendant.

**CASE NO.**

**COMPLAINT AND DEMAND FOR JURY TRIAL**

## ORIGINAL COMPLAINT

Plaintiff, James Derby, ("Plaintiff"), by and through undersigned counsel, sues Defendant Disposal Services, LLC, ("Disposal Services") pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

## INTRODUCTION

1. The FLSA is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." 29 U.S.C. § 202(a). To achieve its purposes, the FLSA requires three things. First, the FLSA requires payment of minimum wages. 29 U.S.C. § 206(a). Second, the FLSA requires overtime pay for covered employers whose employees work in excess of 40 hours per workweek. 29 U.S.C. 207(a). And third, the FLSA establishes minimum recordkeeping requirements for covered employers. 29 U.S.C. § 211(a); 29 U.S.C § 516.2(a)(7).

2. Plaintiff was a Waste Disposal Driver for the Defendant who was paid on a purported job/day rate for work performed. Due to Defendant's company-wide policies and procedures of not paying overtime compensation, Plaintiff was deprived of wages owed.

1

**THE PARTIES**

3. Plaintiff Derby is an individual residing in Defuniak Springs, Walton County, Florida and worked at Disposal Services' facility in Panama City, Florida within the relevant three-year period. Plaintiff Derby's written consent to be a plaintiff in this action against Disposal Services is attached hereto as Exhibit "A."

4. Defendant Disposal Services ("Disposal Services") is a Florida Limited Liability Company. Defendant Disposal Services is a covered employer under the FLSA and acted as such in relation to Plaintiff.

**SUBJECT MATTER JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction over the FLSA claim pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201 et. seq.

6. This Court has general and specific personal jurisdiction over Disposal Services because the cause of action arose within this District as a result of Disposal Services' conduct within this District and because Disposal Services is headquartered in Florida and organized under Florida law.

7. Venue is proper in this District because Plaintiff Derby performed his work for Defendant within this District.

8. Specifically, Disposal Services has maintained a working presence throughout Bay County, Florida.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391.

**FLSA COVERAGE**

10. At all material times, Defendant has been an employer within the meaning of section 203(d) of the FLSA, which is defined to include any person acting directly or indirectly

in the interest of an employer in relation to an employee. 29 U.S.C. § 203(d).

11. At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of section 203(s)(l) of the FLSA because Defendant had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

12. At all material times, Plaintiff was an employee who engaged in commerce or in the production of goods for commerce as required by sections 206 and 207 of the FLSA. 29 U.S.C. §§ 206–07.

13. At all material times, Defendant had and continues to have, an annual gross business volume in excess of the statutory standard of $500,000.00.

14. During Plaintiff's employment, Defendant employed at least two employees who handled goods, materials and supplies which travelled in interstate commerce, such as the waste disposal trucks and other items used to run the business.

15. Therefore, at all material times relevant to this action, Defendant Disposal Services was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §§ 203(r) and 203(s).

## WAGE VIOLATIONS

16. Disposal Services violated and continues to violate the FLSA by failing to pay Plaintiff time and one-half for each hour worked in excess of 40 hours per workweek.

17. Further, Disposal Services has improperly calculated Plaintiff's regular rate resulting in further miscalculation of Plaintiff's overtime pay. Specifically, Plaintiff should have received overtime compensation at a rate not less than one and one-half times his true regular rate.

18. Plaintiff was paid under a purported day rate plan; he was supposed to be paid for each day worked regardless of the number of hours worked each day. *See* 29 C.F.R. § 778.112.

3

19. Disposal Services violated the day rate regulation by failing to pay additional overtime compensation for hours worked over forty in a workweek, instead solely paying the day rate..

20. At all times relevant to this action, Defendant failed to comply with the FLSA because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for all hours worked or at the correct prevailing rate.

## STATEMENT OF FACTS

**A.  Plaintiff was a Waste Disposal Driver for Disposal Services in Florida**

21. Defendant's Waste Disposal Drivers, including Plaintiff drove assigned routes to collect and dispose of residential or commercial waste and/or recyclable materials for Defendant's customers in North Florida.

22. Defendant's Waste Disposal Drivers are all non-exempt employees under the FLSA.

23. Plaintiff Derby was employed as a non-exempt Waste Disposal Driver at Disposal Services' facility in Panama City, Florida from August 2014 until June 2018.

24. Plaintiff Derby was compensated on a job/day rate determined by the number of hours worked in a day.

25. Plaintiff Derby did not receive the proper amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.

26. None of the FLSA exemptions relieving a covered employer of the statutory duty to pay employees overtime at one and one-half times the regular rate of pay apply to Defendant or Plaintiff.

**B.  Defendant did not (and does not) pay Plaintiff overtime in accordance with the FLSA.**

27. Plaintiff was required to work overtime hours when requested by Defendant, and was subject to potential disciplinary action for refusing to work overtime.

28. Plaintiff regularly worked over forty (40) hours in a workweek as a Waste Disposal Driver.

29. Defendant compensated Plaintiff on a purported job/day rate, in addition to other forms of compensation. These other forms of compensation are not in compliance with the day and job rate provisions of 29 C.F.R. § 778.112 and, ultimately, result in a miscalculation of Plaintiff's regular rate and resulting overtime compensation. These other forms of compensation (attendance bonus and bonus pay) may vary by name and amounts, but nevertheless have the same overall effect in invalidating Defendant's attempt to categorize and compensate Plaintiff under the pay provision permitted by 29 C.F.R. § 778.112.

30. Defendant's calculation of Plaintiff's regular rate of pay does not comply with the FLSA.

31. Defendant paid Plaintiff one-half of the regular rate of each hour worked over 40 hours in a workweek.

32. Defendant paid Plaintiff a purported day rate, plus other forms of compensation for services.

33. Defendant also compensated Plaintiff on a basis other than the daily rate basis for what Defendant categorized as "attendance bonus", "bonus pay", "incentive pay", "extra pay" and "miscellaneous pay".

34. Defendant paid a non-discretionary attendance bonus that would be paid to the Plaintiff on a weekly basis.

35. Plaintiff was hired to work a regular workweek consisting of forty (40) hours per

workweek, and it was Plaintiff's understanding that his wages would compensate him for forty (40) hours. Further, the day rate was based upon an eight (8) hour day and approximated the hourly rate that prevailed in the market for the type of work performed by Plaintiff.

36. Plaintiff regularly worked over forty (40) hours in a workweek as a Waste Disposal Driver.

37. The FLSA requires non-exempt employees, like Plaintiff to be compensated for overtime work at the mandated overtime pay rate.

38. Plaintiff was entitled to receive time and one-half compensation for all hours worked over forty (40) hours in a workweek.

39. The payment scheme used by the Defendant to pay Plaintiff did not comply with the FLSA.

40. Defendant violated and continues to violate the FLSA by failing to pay its Waste Disposal Drivers, including Plaintiff time and one-half for each hour worked in excess of forty (40) hours per workweek.

41. As Defendant's employee, Plaintiff was subjected to the same or a substantially similar payment scheme, as described above.

42. On several occasions, Plaintiff complained to management that his overtime was not being calculated correctly and pleaded with them to correct it.

43. In response to Plaintiff's complaints, Disposal Services management told Plaintiff that he was paid a day rate and that the company would not pay him overtime at the regular rate of one and one half times his pay.

**COUNT I**
**RECOVERY OF OVERTIME COMPENSATION (29 U.S.C. § 207)**

44. Plaintiff incorporate by reference paragraphs 1-43 as though fully and completely

set forth herein.

45. Defendant's practice of failing to pay Plaintiff time-and-a-half rate for hours in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

46. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to Defendant or Plaintiff.

47. Defendant failed to keep adequate records of the Plaintiff's work hours and pay in violation of section 211(c) of the FLSA. 29 U.S.C. § 211(c).

48. Federal law mandates that an employer is required to keep for three (3) years all payroll records and other records containing, among other things, the following information:

   a. The time of day and day of week on which the employees' work week begins;

   b. The regular hourly rate or pay for any workweek in which overtime compensation is due under Section 7(a) of the FLSA;

   c. An explanation of the basis of pay by indicating the monetary amount paid on a per hour, per day, per week, or other basis;

   d. The amount and nature of each payment which, pursuant to section 7(e) of the FLSA, is excluded from the "regular rate";

   e. The hours worked each workday and total hours worked each workweek;

   f. The total daily or weekly straight time earnings or wages due for hours worked during the workday or workweek, exclusive or premium overtime compensation;

   g. The total premium for overtime hours. This amount excludes the straight-time earnings for overtime hours recorded under this section;

   h. The total additions to or deductions from wages paid each pay period including

    employee purchase orders or wage assignments;

 i. The dates, amounts, and nature of the items which make up the total additions and deductions;

 j. The total wages paid each pay period; and

 k. The date of payment and the pay period covered by payment.

29 C.F.R. §§ 516.2, 516.5.

  49. Defendant has not complied with the federal law and has failed to maintain such records with respect to Plaintiff. Because Defendant's records are inaccurate and/or inadequate, Plaintiff can meet his burden under the FLSA by proving that he, in fact, performed work for which he was improperly compensated, and produce sufficient evidence to show the amount and extent of the work "as a matter of a just and reasonable inference." *See, e.g., Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946).

  50. Defendant's failure to properly compensate employees at a rate of at least one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek, results from Defendant's purported day rate payment policy or practice that applies to all similarly-situated employees, nationwide.

  51. Defendant knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation correctly with respect to Plaintiff.

  52. Specifically, despite the fact that Plaintiff brought Defendant's aforementioned illegal policies and FLSA violations to Defendant's attention throughout his employment, Defendant refused to pay Plaintiff his proper compensation as required by the FLSA.

53. Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, et seq., (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

54. Accordingly, Plaintiff brings this cause of action under section 216(b) of the FLSA, which allows him to recover all unpaid overtime compensation to which he is entitled, but has not been paid, for the 3-year period preceding the filing of this complaint through the final disposition of this matter. 29 U.S.C. § 216(b).

55. Plaintiff contends that Defendant's conduct in violating the FLSA is willful. Accordingly, Plaintiff seeks recovery of all unpaid overtime compensation to which he is entitled, but has not been paid, for the three years preceding the filing of this complaint through the final disposition of this matter. 29 U.S.C. § 216(b).

56. Due to the willful nature of Defendant's conduct, Plaintiff seeks to recover, as liquidated damages, an amount equal to unpaid overtime wages for the 3-year period preceding the filing of this complaint through the final disposition of this matter—that is, the same period for which unpaid overtime damages are sought. 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

Plaintiff, respectfully requests that this Court enter judgment against the Defendant:

a. For a declaratory judgment that Defendant has willfully and in bad faith violated the overtime wage provisions of the FLSA, and has deprived Plaintiff of his right to such compensation;

b. For an Order requiring Defendant to provide a complete and accurate accounting of all overtime wages to which Plaintiff is entitled;

c. For an Order awarding Plaintiff back wages that has been improperly withheld;

d. For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff;

e. For an Order awarding Plaintiff the costs of this action;

f. For an Order awarding Plaintiff attorneys' fees;

g. For an Order awarding Plaintiff pre-judgment and post-judgment interest at the highest rates allowed by law;

h. For an Order granting such other and further relief as may be necessary and appropriate.

Dated this 31st day of March, 2020.

Respectfully submitted
**MORGAN & MORGAN, P.A**.

*/s/ Paul M. Botros*
Paul M. Botros, Esq.
FBN 0063365
8151 Peters Road
Suite 4000
Plantation, FL 33324
Telephone:   (954) 318-0268
Facsimile:   (954) 327-3017
Email: pbotros@forthepeople.com

***ATTORNEYS FOR PLAINTIFF***